# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AUDREY ROSENSTEIN, et al.,

Plaintiff(s),

v.

CLARK COUNTY SCHOOL DISTRICT, et al.,

Defendant(s).

2:13-CV-1443 JCM (VCF)

**ORDER**

Presently before the court is defendants' motion to dismiss (doc. # 49). The plaintiffs filed a response (doc. # 50), and defendants filed a reply (doc. # 51).

**I.    Background**

Plaintiffs are parents and bring the complaint on behalf of their child, N.R. N.R. is a minor with special educational needs who attended first grade at Steve Cozine Elementary School ("Cozine") during the period giving rise to this lawsuit. (Doc. # 41 at 3). Cozine is a member institution of the Clark County School District ("CCSD"). *Id.*

The complaint alleges that defendants "M[axwell] and/or H[oye] intentionally grabbed and/or pinned . . . [N.R.], in an overly aggressive manner, resulting in physical marks and bruises upon his person . . . ." *Id.* at 4. The complaint avers scenarios where the asserted act of violence could be a direct result of contact with either defendant Brittany Maxwell or with defendant Ashley Hoye, both

**James C. Mahan**
**U.S. District Judge**

of whom are stated in the complaint to be "special needs teacher[s]/aides[s]/assistant[s] at Cozine." *Id.* at 3.

The administrative defendants in this suit are Dwight Jones, Pedro Martinez, Samuel Rado, and Leigh Moser. Dwight Jones is the CCSD superintendent of schools. *Id.* Martinez is the deputy superintendent for the CCSD. *Id.* Rado is the principal of Cozine, and Moser is the assistant principal at that institution. *Id.* The plaintiffs also assert claims against CCSD itself. *Id.*

As a result of this alleged incident, the plaintiffs bring the following nine causes of action: (1) that defendants Jones, Martinez, Rado, Moser, Maxwell, and Hoye violated 42 U.S.C. § 1983, infringing upon N.R.'s civil rights; (2) that defendant CCSD also violated 42 U.S.C. § 1983, infringing upon civil rights; (3) that CCSD, Jones, Martinez, Rado, and Moser were negligent; (4) that CCSD, Jones, Martinez, Rado, and Moser were negligent in their hiring, training, and supervisory practices; (5) that Maxwell and Hoye were negligent in their care of N.R.; (6) that Maxwell assaulted and battered N.R.; (7) that Maxwell and Hoye intentionally inflicted emotional distress; (8) that Jones, Martinez, Rado, Moser, Maxwell, and Hoye are responsible for the negligent infliction of emotional distress; and (9) that CCSD is liable by theory of respondeat superior. (Doc. # 41 at 2-15).

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*.  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief."  *Id*. at 679 (internal quotations omitted).  When the allegations in a complaint have not shifted from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

**III.   Discussion**

  *A.  Violation of 42 U.S.C. § 1983*

   *I. 42 U.S.C. § 1983 Allegations*

The first and second causes of action assert that the defendant educators, administrators, and CCSD violated Title 42 U.S.C. § 1983, which provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006).

First, the Ninth Circuit has adopted the view "that excess force by a [school official] against a student violate[s] the student's constitutional rights." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1180 (9th Cir. 2007) (quoting *P.B. v. Koch*, 96 F.3d 1298, 1302-03 (9th Cir. 1996)) (affirming the denial of qualified immunity for allegations of the violation of § 1983). Moreover, it is permissible for a plaintiff to allege a § 1983 claim asserting an educator's use of

1  excessive force as violating the Fourteenth Amendment. *See id.* The plaintiffs have done so in
2  paragraphs thirty-nine and fifty-five of the amended complaint. (Doc. # 41 at 6, 9). Thus, the first
3  requirement of an acceptable § 1983 claim has been established in both the first and second causes
4  of action.

5  Next, "a defendant in a § 1983 suit acts under color of state law when he abuses the position
6  given to him by the state." *West v. Atkins*, 487 U.S. 42, 50 (1988). There is no dispute that Maxwell
7  and Hoye were acting under color of state law in their positions as public educators. Thus, the
8  second requirement of an acceptable § 1983 claim is met.

### *ii. Qualified Immunity*

A government official or employee is entitled to qualified immunity against claims for "civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The two-part test for determining whether a government official is entitled to qualified immunity is: (1) whether the facts that a plaintiff alleges demonstrate a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

### *a. Defendants Maxwell and Hoye*

Concerning the § 1983 allegations aimed at the defendant educators, Maxwell and Hoye, an application of the *Saucier* test determines that these defendants are not subject to qualified immunity.

The Ninth Circuit has extrapolated from *Ingraham v. Wright*, 430 U.S. 651, 673 (1977) the principle that "excessive and unreasonable corporal punishment of public school students violates the students' constitutional rights." *Preschooler II*, 479 F.3d at 1181-82 (citing *Koch*, 96 F.3d at 1304). As aforementioned, an allegation that educators violated the Fourteenth Amendment through the use of inordinate force against a pupil falls within the ambit of a § 1983 claim. *See id.* at 1180. Thus, the first prong of the *Saucier* test is satisfied concerning defendants Maxwell and Hoye.

The Ninth Circuit articulates the *Saucier* test's second prong as inquiring whether "in light of pre-existing law the unlawfulness [is] apparent." *Preschooler II*, 479 F.3d at 1180 (citing *Hope*

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  *v. Pelzer*, 536 U.S. 730, 739 (2002)). "Existing law plainly prohibits excessive hitting, dragging or throwing of public school children," and special needs students in particular are subject to elevated legal protection. *See id.* at 1182.

Accepting plaintiffs' factual assertions as true, the conduct alleged is such that it would have been apparent to the defendant educators that the use of egregious force against a special needs student is unlawful. *See Iqbal*, 556 U.S. at 678. Therefore, both prongs of the *Saucier* test have been satisfied, and qualified immunity is not available to defendants Maxwell and Hoye. Thus, the first cause of action as directed towards defendants Maxwell and Hoye is proper.

*b. Defendants Jones, Martinez, Rado, and Moser*

There can be no liability under § 1983 based on respondeat superior. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Section 1983 liability generally attaches only through personal participation by a defendant in the alleged constitutional violation. *See Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989).

However, "under § 1983, a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.'" *Preschooler II*, 479 F.3d at 1182 (quoting *Taylor v. List* 880 F.2d 1040, 1045 (9th Cir. 1989)). Moreover, if an administrator "omits to perform an act which he is legally required to do . . . " that results in the alleged constitutional violation, that individual may be liable under § 1983. *See id*.

Here, the amended complaint alleges that Jones, Martinez, Rado, and Moser had supervisory responsibility over the defendants present in the classroom at the time of the averred event. (Doc. # 41 at 7). Furthermore, the plaintiffs assert that the defendant administrators did not adequately train, supervise, or otherwise vet defendants Maxwell and Hoye.

However, the present factual allegations illustrate a theory of liability that is exceedingly attenuated; the averred facts do not demonstrate that the alleged administrative failures caused the constitutional violation at hand. Unlike in *Preschooler II*, where limited supervisory liability was established, here there are no factual allegations that the administrators were previously aware of the

**James C. Mahan**
**U.S. District Judge**

- 5 -

alleged violation and did nothing to prevent it or that the administrators "participated in or directed the violation[] . . . ." *Preschooler II*, 479 F.3d at 1182. Thus, the first cause of action, as it pertains to the administrative defendants, is dismissed.

### c. Defendant CCSD

The plaintiffs' final claim under § 1983 avers that CCSD failed in a variety of obligations, including in its duty "to properly investigate and license prospective special needs [educators]" and "[t]o properly prepare accurate reports for the County and State." (Doc. # 41 at 9).

A plaintiff cannot assert a § 1983 claim against a municipality solely because its agents are tortfeasors. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

> A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a "final policymaker."

*Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004) (citing *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003)).

Here, the amended complaint alleges only CCSD's omissions instead of identifying an official policy, typical custom, or the decision of an individual alleged to be a "final policymaker" that led to the constitutional violation. *See id.* Furthermore, policies of omission can support municipal liability per *Monell* "if the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1195 (2002) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389-90 (1989) (abrogated on other grounds)) (internal quotations omitted); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992). Yet, plaintiffs assert no such facts.

Thus, the plaintiffs have not alleged sufficient facts to plead the contended omission was of a properly litigable nature. Consequently, the § 1983 claim against CCSD is dismissed.

. . .

. . .

*B. State Tort Claims*

*I. Negligence Against Administration and CCSD*

"To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996).

The motion to dismiss asserts that suits cannot be brought against CCSD, the administrative defendants, or the defendant educators:

> Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the [s]tate or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.  NRS 41.032(2).

This proviso is known as the discretionary function exception.  As NRS 41.032(2) reflects the Federal Tort Claims Act ("FTCA"), Nevada has adopted the federal *Berkovitz–Gaubert* test to analyze if a given party is eligible for immunity under NRS 41.032(2), requiring that the alleged negligent act "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *See Martinez v. Maruszczak*, 168 P.3d 720, 722, 729 (Nev. 2007).

"[D]ecisions at all levels of government, including frequent or routine decisions, may be protected by discretionary-act immunity . . . ." *Id.*  A government employee performs a discretionary act if an accomplished act "involved [the employee's] personal deliberation, decision and judgment." *See City of Boulder City v. Boulder Excavating, Inc.* 191 P.3d 1175, 1180 (Nev. 2008).  When government practice permits a public employee to use discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *See United States v. Gaubert*, 499 U.S. 315, 324 (1991)).  The second prong of the applicable test is not whether an employee actively weighs policy goals when making a decision, but rather if the employee's subsequent act is "susceptible to policy analysis." *See Martinez*, 168 P.3d at 728 (citation omitted).

Here, the thrust of the negligence cause of action against CCSD and the administrators stems from allegations that the CCSD and the administrative defendants violated Nevada statutes by not properly investigating N.R.'s injuries and lack of subsequent communication of the emergent information. (Doc. # 41 at 10-11). The factual allegations of N.R.'s injuries as well as the allegedly inconsistent "incident report" provide substance to the third cause of action in this regard. (Doc. # 41 at 4-5). Thus, the negligence claim against CCSD and the administrative defendants is properly alleged as it pertains to the reporting inconsistencies accompanying the alleged incident.

*ii. Negligent Hiring, Training, Supervision*

The Ninth Circuit and other federal circuits have held "that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function to shield." *E.g.*, *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (collecting cases).

This logic applies in the present case. The plaintiffs' allegations imply that administrators made decisions of hiring, training, and supervising staff, yet the plaintiffs aver no facts to show the Ninth Circuit's presumption does not apply here. Therefore, the fourth cause of action for negligent hiring, training, and supervision, against defendants CCSD, Jones, Martinez, Rado, and Moser is barred per discretionary immunity.

*iii. Negligence Against Maxwell and Hoye*

"[P]hysical restraint may be used on a pupil with a disability only if . . . [t]he use of force in the application of physical restraint does not exceed the force that is reasonable and necessary under the circumstances precipitating the use of physical restraint." NRS 388.5275.

As asserted above, the discretionary function exception presents broad protection for government employees in actions stemming from an individual employee's judgment. *See Martinez*, 168 P.3d at 722 ("[A] contract employee of the University of Nevada, School of Medicine (UNSOM), was immunized from liability under NRS Chapter 41, which sets forth the conditions under which the State of Nevada waives sovereign immunity for . . . public employees.").

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

Accepting the plaintiffs' facts as true for purposes of this motion, the plaintiffs allege actions more dire than the simple exercise of statutory authority. *See Iqbal*, 556 U.S. at 678; (Doc. # 41 at 4). While defendants argue that plaintiffs did not sufficiently allege a breach of duty of care and causation, the plaintiffs allege the child was handled in an "overly aggressive manner" that "result[ed] in physical marks and bruises upon his person . . . ." (Doc. # 41 at 4). Alleging that a pupil was violently handled to the point where bruising occurred is a plausible claim in light of NRS 388.5275. Although bruising is not conclusive evidence of overaggressive restraint, it presents an legitimate issue to be explored through discovery. *See Iqbal*, 556 U.S. at 678. Thus, the fifth cause of action is sufficiently pled.

### *iv. Assault and Battery*

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (citing Restatement (Second) of Torts § 21).

"To establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive contact, and (2) such contact did occur." *Id.* (citing Restatement (Second) of Torts §§ 13, 18).

Here, the complaint merely asserts the elements of assault and battery without additional relevant facts. Accordingly, this claim fails. *See Iqbal*, 556 U.S. at 678.

### *v. Intentional Infliction of Emotional Distress*

To sufficiently plead a claim of intentional infliction of emotional distress ("IIED"), plaintiffs must plausibly assert "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff[] having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011) (quoting *Star v. Rabello*, 625 P.2d 90, 92 (1981)); *see Iqbal*, 556 U.S. at 678.

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

Here, plaintiffs assert the second and third elements of IIED in bare recitation of the elements of the tort claim. Thus, the claim of IIED is improperly pled. *See Iqbal*, 556 U.S. at 678.

### vi. Negligent Infliction of Emotional Distress

To adequately allege negligent infliction of emotional distress ("NIED"), the plaintiffs must assert facts "that a bystander plaintiff be closely related to the victim of an accident, be located near the scene of the accident, and suffer a shock resulting from the direct emotional impact stemming from the sensory and contemporaneous observance of the event." *Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998).

As this claim only pertains to witnesses, it cannot apply to N.R. Furthermore, there is no assertion that the adult plaintiffs perceived the event contemporaneously. Therefore, the NIED claim is dismissed.

### vii. Vicarious Liability of CCSD

Vicarious liability is not an independent cause of action, but rather a theory assigning liability and is accordingly dismissed. *See, e.g.*, *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013).

## IV.     Conclusion

The sixth, seventh, and eighth causes of action against defendants Maxwell and Hoye are dismissed.

The first and fourth causes of action against defendants Jones, Martinez, Rado, and Moser are dismissed.

The second, fourth, and ninth causes of action against defendant CCSD are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 49) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED July 2, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE